# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENZELL MAGIC METCALF,<br><br>    Plaintiff,<br><br>  v.<br><br>LONG BEACH POLICE DEPARTMENT,<br><br>    Defendant. | Case No. CV 15-07918 JAK (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

    On October 8, 2015, plaintiff, a state prisoner presently incarcerated at the North Kern State Prison in Delano, California, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He subsequently was granted leave to proceed without prepayment of the full filing fee. Plaintiff's claims arise from his arrest following a robbery on August 9, 2012, during which an unidentified police officer fired shots into the fleeing car in which plaintiff was a passenger. Plaintiff names only one defendant, the Long Beach Police Department, in its official capacity. (Complaint at 3.)

    In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court has screened the Complaint prior to ordering service for

purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, the Supreme Court has held that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation"), *cert. denied*, 132 S. Ct. 2101 (2012).

After careful review and consideration of the Complaint under the foregoing standards, the Court finds that plaintiff's allegations appear insufficient to state any claim on which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than April 29, 2016, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[1]

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your Complaint, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will

## DISCUSSION

**A. Plaintiff's Complaint fails to comply with Rule 8.**

Plaintiff's Complaint fails to comply with Federal Rules of Civil Procedure 8(a) and 8(d). Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint

---

submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

that applies even if the claims in a complaint are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Plaintiff's Complaint only purports to raise one claim, but he fails to specify any legal grounds for his claim. (Complaint at 5.) Plaintiff's factual allegations pertain to an incident that took place on August 9, 2012, when he was arrested after committing a robbery in Long Beach. Plaintiff alleges that he was a passenger in the backseat of a car that was being pursued by a patrol car. The driver of the car failed to stop and instead accelerated "to evade" the police. Plaintiff's fellow passenger in the backseat, "Mr. House," fired four shots at the patrol car before jumping into the front seat. Mr. House attempted to take control of the car. but he instead "collided with a parked car." An officer yelled "to freeze." Plaintiff complied with his "hands touching the car ceiling." The officer walked up to the vehicle and, "not using legal procedure on a felony stop," fired into the driver's door. Mr. House was killed, and plaintiff was shot in the thigh. Plaintiff subsequently accepted a plea deal, "which resulted in a six year prison term." (*Id.*)

Construed liberally, plaintiff's allegations that the officer failed to follow "legal procedure" (*id.* at 3, 5) and that plaintiff did not "have a gun or shoot at [a] police officer" (*id.* at 5), may be purporting to allege a claim for the excessive use of force during plaintiff's arrest. However, because plaintiff also alleges that shots were fired from the backseat of the car in which plaintiff was a passenger, and that the car attempted to evade a pursuing patrol car following a robbery, plaintiff's factual allegations are insufficient to allege a claim upon which relief may be granted.

The Fourth Amendment "guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person." *Graham v. Connor*, 490 U.S. 386, 394 (1989) (alterations in original); *see also Tennessee v. Garner*, 471 U.S. 1, 7 (1985). Such claims are "analyzed under the Fourth Amendment's 'objective reasonableness' standard." *Graham*, 490 U.S. at 388. But judging the

5

reasonableness of an officer's actions requires "careful attention to the facts and circumstances in each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. As the Ninth Circuit has emphasized, "the most important *Graham* factor is whether the suspect posed an immediate threat to the safety of the officers or others." *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (*en banc*) (internal quotation marks omitted). Here, accepting the factual allegations in the Complaint as true, it appears that the police officer was acting in an objectively reasonable manner because the occupants of the car in which plaintiff was riding posed an immediate threat to the safety of the officer.

Accordingly, the Court finds that plaintiff's Complaint violates Rule 8 because it fails to set forth a short and plain statement of the factual and legal basis for any claim showing that plaintiff is entitled to relief.

**B. Any civil rights claims that plaintiff may be raising appear to attack the validity of his conviction and thus are barred by *Heck*.**

A petition for habeas corpus is the sole judicial remedy when an individual attacks "the validity of the fact or length of [his] confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990). Thus a plaintiff may not use a civil rights action to challenge the validity of his conviction or continued incarceration. Such relief is only available in a habeas corpus action. A civil rights complaint that appears to be seeking habeas relief should be dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

Further, to the extent that a plaintiff attempts to use a civil rights action to seek monetary damages for an allegedly unlawful conviction or sentence where success would necessarily implicate the fact or duration of his or her confinement,

the claims are not cognizable under § 1983 unless and until the plaintiff can show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under *Heck*, if a judgment in favor of a plaintiff on a civil rights action necessarily will imply the invalidity of his or her conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated. *Id.* Thus:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original); *see also Skinner v. Switzer*, 562 U.S. 521, 525 (2011) ("Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.")

Here, to the extent that plaintiff is purporting to raise any federal civil rights claims in the Complaint, they appear to arise from his arrest and subsequent criminal conviction. The Complaint alleges that "while taking the plea deal," plaintiff followed the advice of his attorney "to agree with the D.A. on certain things that did not happen" in order to "settle[]" his "criminal case before preliminary." Plaintiff received a six-year prison sentence. (Complaint at 5.) Plaintiff also alleges that the arresting officer "did not use legal procedure on a felony stop," and that plaintiff "heard detectives telling [the] officer he [is] going to need someone to say he was with the officer." (*Id.*) Because plaintiff appears to be alleging in his Complaint that his plea deal was based on facts concerning his arrest

that "did not happen," it appears to the Court that plaintiff is seeking to attack the validity of his plea deal. Such relief, however, is only available in a habeas corpus action.

Further, to the extent that plaintiff is seeking monetary damages in this action arising from the circumstances of his arrest, success on such claims would necessarily implicate the fact of his conviction, and the claims are not cognizable under § 1983 unless and until plaintiff can show that his conviction already has been invalidated.

### C. Plaintiff's allegations appear insufficient to state a civil rights claim against the Long Beach Police Department.

The allegations of the Complaint appear insufficient to state a federal civil rights claim against the only named defendant, the Long Beach Police Department. As the Supreme Court held in *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978), a local government entity such as the Long Beach Police Department "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694; *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("under § 1983, local governments are responsible only for their own illegal acts" (emphasis in original, internal quotation marks omitted)). Further, a *Monell* claim against a local government entity may not be pursued in the absence of an underlying constitutional deprivation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

Here, plaintiff does not purport to allege that the execution of any specific policy, ordinance, regulation, custom or the like of the Long Beach Police Department was the "actionable cause" of his alleged constitutional violations. *See*

*Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but-for and proximate causation"); *Lee v. City of Los Angeles*, 250 F.3d 668, 681-82 (9th Cir. 2001) (plaintiff must allege that the local entity's custom or policy was the "moving force behind the constitutional violation[s]"). To the contrary, plaintiff alleges that the police officer failed to follow proper procedure during the arrest.

Accordingly, it appears to the Court that plaintiff's factual allegations in the Complaint, even accepted as true and construed in the light most favorable to plaintiff, are insufficient to nudge any claim against the Long Beach Police Department "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

************

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than April 29, 2016, remedying the pleading deficiencies discussed above.** The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

**Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.

DATED: March 21, 2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE